Charles F. Dender (*pro hac vice* forthcoming)
Madeline Harding (*pro hac vice* forthcoming)
Mollie Weiss (*pro hac vice* forthcoming)
**DICELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel.: (646) 933-1000
cdender@dicellolevitt.com
mharding@dicellolevitt.com
mweiss@dicellolevitt.com

Kristen L. Nelson (SBN 269318)
**HECHT PARTNERS LLP**
2121 Avenue of the Stars, Suite 800
Century City, CA 90067
Tel.: (646) 502-9515
knelson@hechtpartners.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* RELATOR LLC, a California limited liability company,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>NATIONS DIRECT MORTGAGE LLC, a California Limited Liability Company, and DOES 1-10,<br><br>　　　　　　　　Defendants. | Case No. 2:22-cv-04784-SPG-MAA<br><br>Relator LLC's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint<br><br>Date: December 10, 2025<br>Time: 1:30 p.m.<br><br>Judge: Hon. Sherilyn Peace Garnett<br><br>Action Filed: July 13, 2022<br>Trial Date:　Not Set. |

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ................................................................... 1

II.   STATEMENT OF FACTS ............................................................................ 3

III.  LEGAL STANDARD .................................................................................... 3

IV.   ARGUMENT .................................................................................................. 4

      A.   The Paycheck Protection Program ........................................................ 4

      B.   The False Claims Act ............................................................................ 5

      C.   The Public Disclosure Bar Does Not Apply ......................................... 6

      D.   The Complaint Adequately Alleges Scienter ...................................... 10

      E.   Any Dismissal Should Be with Leave to Amend ............................... 12

V.    CONCLUSION ............................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*U.S. ex rel. Beauchamp v. Academi Training Ctr., Inc.*,
  933 F. Supp. 2d 825 (E.D. Va. 2013) ................................................................. 7

*U.S. ex rel. Booker v. Pfizer, Inc.*,
  No. 10-cv-11166-DPW, 2014 WL 1271766 (D. Mass. Mar. 26, 2014) ............................................................................................................ 7

*U.S. ex rel. Calva v. Impac Secured Assets Corp.*,
  No. 16-cv-1983-JVS, 2018 WL 6016152 (C.D. Cal. June 12, 2018) .................. 9

*United States of America, ex rel. Craig v. Hawthorne Machinery Co.*,
  No. 20-cv-1625-WQH-AHG, 2024 WL 4294878 ............................................ 10

*Eminence Cap., LLC v. Aspeon, Inc.*,
  316 F.3d 1048 (9th Cir. 2003) .......................................................................... 12

*United States ex rel. Kiro v. Jiaherb, Inc.*,
  No. 14-cv-2484-RSWL-PLAX, 2019 WL 2869186 (C.D. Cal. July 3, 2019) ............................................................................................................. 7

*Mateski v. Raytheon Co.*,
  816 F.3d 565 (9th Cir. 2016) ......................................................................... 2, 8

*United States ex rel Miller, et al. v. Manpow LLC*,
  No. 2:21-cv-5418-VAP, 2022 WL 18397530 (C.D. Cal. Sept. 14, 2022) ............................................................................................................. 2

*United States ex rel. Ormsby v. Sutter Health*,
  444 F. Supp. 3d 1010 (N.D. Cal. 2020) ............................................................. 7

*Prather v. AT&T, Inc.*,
  847 F.3d 1097 (9th Cir. 2017) ............................................................................ 6

*United States ex rel. Relator LLC v. Baxter*,
  No. 23-cv-00336-WHO, 2025 WL 1343076 (N.D. Cal. May 8, 2025) ............................................................................................................. 9

*United States of America ex rel. Relator LLC v. David Uhler et al.*,
   2:23-cv-00499-CAS-MBKx, Dkt. No. 57 (C.D. Cal. Oct. 6, 2025) .......... 1, 7, 11

*United States of America ex rel. Relator LLC v. Jeff Tennyson et al.*,
   2:23-cv-05887-SRM-SSC, Dkt. No. 75 (C.D. Cal. Sept. 29, 2025) ............ 7, 8, 9

*United States ex rel. Sam Jones Co., LLC v. Biotronik, Inc.*,
   152 F.4th 949 (9th Cir. 2025) ................................................................................ 7

*Silbersher v. Valeant Pharm. Int'l, Inc.*,
   89 F.4th 1154 (9th Cir. 2024) .............................................................................. 1

*U.S. v. 1850 Bryant Land LLC*,
   No. 21-cv-5742-RS, 2023 WL 4297585 (N.D. Cal. June 30, 2023) .................. 11

*U.S. v. Kiewit Pacific Co.*,
   41 F. Supp. 3d 796 (N.D. Cal. 2014) .................................................................. 6

*United States v. Allergan, Inc.*,
   46 F.4th 991 (9th Cir. 2022) ................................................................................ 7

*United States v. Corinthian Colls.*,
   655 F.3d 984 (9th Cir. 2011) ........................................................................ 3, 4

**Statutes**

15 U.S.C. § 645 ............................................................................................................ 5

18 U.S.C. § 1001 .......................................................................................................... 5

18 U.S.C. § 1004 .......................................................................................................... 5

18 U.S.C. § 3571 .......................................................................................................... 5

31 U.S.C. §§ 3729 *et seq.* ............................................................................................ 5

31 U.S.C. § 3730(e)(4) ............................................................................................ 6, 7

False Claims Act ................................................................................................ *passim*

**Other Authorities**

13 CFR § 120.110(b) .................................................................................................... 9

Pub. L. No. 116-136 ..................................................................................................... 4

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 1

Fed. R. Civ. P. 15 .................................................................................................... 12

Fed. R. Civ. P. 9(b) ................................................................................................. 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

Plaintiff-Relator, Relator LLC ("Plaintiff"), respectfully submits this Memorandum of Points and Authorities in opposition to Defendant Nations Direct Mortgage, LLC's ("NDM") motion to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). NDM's Motion must be denied both because the public disclosure defense is inapplicable to this case as there has been no public disclosure regarding the specific allegations (the fraudulent nature of the disclosed transaction) made in the Complaint, and because the Complaint adequately alleges that NDM acted with scienter in applying for and receiving a $2,646,810 Government grant.

*First* the public disclosure bar does not apply to this case because NDM has "not demonstrated that the public disclosures of PPP loan data by the SBA [. . .] revealed any *misrepresented* state of facts such as to constitute an inference of the alleged [. . .] fraud that is the basis of Relator's claim." *United States of America ex rel. Relator LLC v. David Uhler et al.*, 2:23-cv-00499-CAS-MBKx, Dkt. No. 57 at 9 (C.D. Cal. Oct. 6, 2025); *see also Silbersher v. Valeant Pharm. Int'l, Inc.*, 89 F.4th 1154, 1167 (9th Cir. 2024) (noting that in FCA cases involving a public disclosure defense regarding transactional details (as opposed to a prior claim of fraud), defendants must show that "X + Y = Z, [where] Z represents the allegation of fraud and X and Y represent its essential elements. To disclose [a] fraudulent transaction publicly, the combination of X and Y must be revealed, from which readers or listeners may infer Z, i.e., the conclusion that fraud has been committed").

Using the Ninth Circuit's public disclosure test of X + Y = Z, NDM tries to convince this Court that X alone (the basic transactional details about NDM's PPP loan) equals Z. Of course, X alone does not equal Z. What NDM does not point to—because they cannot point to it—is the presence of any qualified public disclosure of

the fraudulent aspects of the transaction: that

> 1) NDM was an institution primarily engaged in the business of lending money that was prohibited from participating in the PPP program (Dkt. 1, ¶¶ 1–2),
>
> 2) NDM did not face the economic uncertainty that was required to qualify for a PPP loan (Dkt. 1, ¶¶ 6; 52), and
>
> 3) NDM applied for and received both the PPP First Draw Loan and, subsequently, forgiveness on that PPP First Draw Loan (the fraudulent nature of the transaction). Dkt. 1 ¶¶ 1; 5; 22.

That is, NDM does not—because they cannot—demonstrate that the Y component of the Ninth Circuit's equation test exists in the SBA transactional facts. Simply stated, NDM does not point to any public disclosure of "facts from which fraud can be inferred." *United states ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 571 (9th Cir. 2016) ("A transaction warranting an inference of fraud is one that is composed of a misrepresented state of facts plus the actual state of facts.") (internal quotation and citation omitted).

*Second*, Plaintiff's allegations in the Complaint more than satisfy the False Claims Act's scienter requirement. Simply stated, a money-lending institution knew or should have known that it was a money-lending institution, and knew or should have known that lending institutions were generally excluded from participating in the PPP, and yet submitted the application, received the money NDM was not entitled to and did not need, and subsequently applied for forgiveness on that improperly taken loan, converting the loan into a Government grant. *See United States ex rel Miller, et al. v. Manpow LLC*, No. 2:21-cv-5418-VAP, 2022 WL 18397530, at *6 (C.D. Cal. Sept. 14, 2022) (finding "allegations sufficiently allege[d] . . . that false statements were knowingly made to the government to obtain a PPP loan" when complaint's claims were based on "scheme of seeking and

obtaining a loan for payroll when Defendant knew it did not have or had significantly less payroll than it did").

## II. STATEMENT OF FACTS

This is an FCA action to recover treble damages and civil penalties against NDM, which defrauded the Small Business Administration ("SBA") in connection with its application for and receipt of $2,646,810 in COVID-19 pandemic-related Paycheck Protection Program ("PPP") funding (the "First Draw Loan") and the subsequent forgiveness—in its entirety—of that First Draw Loan.

NDM applied for a PPP First Draw Loan in round 1 of the PPP in April 2020. Dkt. 1, ¶ 22. NDM submitted the First Draw Loan application, despite knowing that NDM was ineligible to participate in the PPP because NDM was, and is, a money lender that was barred from participating in the PPP program. Dkt. 1, ¶¶ 4; 18. NDM also knew it did not meet the economic-necessity standard for obtaining the PPP First Draw Loan. Dkt. 1, ¶¶ 6; 48; 52.

NDM's PPP First Draw Loan was approved by the Small Business Administration on April 27, 2020, and NDM received the funding shortly thereafter. Dkt. 1, ¶ 22. Later, NDM's sole owner, CEO, and Director knowingly submitted—or caused to be submitted—the PPP First Draw Loan forgiveness application. That application was fraudulent because NDM was never eligible to receive the PPP First Draw Loan in the first place. Dkt. 1, ¶¶ 1; 5; 8; 10; 18.

## III. LEGAL STANDARD

In considering a motion to dismiss, a court must accept as true all well-pleaded allegations of fact in the complaint and construe them in the light most favorable to the plaintiff. *United States v. Corinthian Colls.*, 655 F.3d 984, 991 (9th Cir. 2011). A court must determine whether the complaint contains "sufficient factual matter that taken as true, state[s] a claim for relief [that] is plausible on its face." *Id*. (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## IV. ARGUMENT

### A. The Paycheck Protection Program

On March 27, 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security ("CARES") Act.[1] The CARES Act was the Government's initial economic response to the COVID-19 pandemic, and it included the PPP,[2] which authorized up to $349 billion in forgivable loans (known as PPP First Draw Loans) to qualifying small businesses to facilitate job retention and certain other permitted business expenses.[3] These loans were to be underwritten by private banks but were funded and guaranteed by the SBA, which would then forgive (pay off) the loan balances if certain criteria were met. In April 2020, Congress authorized over $300 billion in additional PPP funding.[4] The CARES Act funding for the PPP ended on August 8, 2020. By that time, there were roughly $525 billion in PPP loans made to approximately 5.2 million businesses.

To obtain a PPP First Draw Loan, a qualifying business had to submit a loan application signed by an authorized representative, typically to a private bank which would issue the loan with minimal underwriting, subject to an SBA guarantee, and ultimately funded by the SBA. To qualify for a PPP First Draw Loan, a business had to certify on its application, among other things, that it (i) was "eligible to receive a loan under the rules in effect at the time this application [was] submitted . . ." (ii) faced economic uncertainty due to the COVID-19 pandemic; (iii) would use the PPP First Draw Loan funds to maintain its existing payroll and to cover certain

---

[1] Pub. L. No. 116-136, 134 Stat.
[2] Regulations.gov.
[3] SBA Paycheck Protection Program ("PPP") Loan Forgiveness: In Brief, *available at*, R46397.pdf.
[4] *Id*.

- 4 -
Memorandum of Points And Authorities In Opposition to Motion to Dismiss Complaint

qualified expenses; and (iv) would not seek forgiveness of more than 25% of the loan for non-payroll costs. PPP applicants also acknowledged that false certifications on their applications would violate federal law and be punishable by imprisonment and civil fines, including violations of: (i) 18 U.S.C. §§ 1001, 1004, 3571; (ii) 15 U.S.C. § 645; and (iii) the FCA, 31 U.S.C. §§ 3729 *et seq*.

### B. The False Claims Act

The False Claims Act ("FCA") has been the Government's primary fraud fighting tool since the Civil War era and provides the Government with its main means of recovery for frauds against the public fisc. *Qui tam* provisions encourage private citizens with information about fraud (known as "relators") to sue on the Government's behalf. The FCA is intended to reach all types of fraud, without qualification, that might result in financial loss to the Government. The Government has used the FCA to combat fraud in connection with PPP loans.[5]

The FCA provides that any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval," 31 U.S.C. § 3729(a)(1)(A), or who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim," 31 U.S.C. § 3729(a)(1)(B), is liable to the United States for civil penalties "plus 3 times the amount of damages which the Government sustains because of the act of that person." 31 U.S.C. § 3729(a)(1).

- "Knowingly" is defined to mean "that a person, with respect to information (i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless

---

[5] The first FCA settlement involving PPP loans was announced on September 13, 2022. The Government press release is available here: Southern District of Texas | First-ever False Claims Act settlement received from Paycheck Protection Program lender | United States Department of Justice.

disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b)(1). No proof of specific intent to defraud is required. *Id*.

- "Claim" is defined in the statute to mean "any request or demand, whether under a contract or otherwise, for money or property" which is "presented to an officer, employee, or agent of the United States." 31 U.S.C. § 3729(b)(2)(A). Alternatively, it is "any request or demand, whether under a contract or otherwise, for money or property" which is "made to a contractor, grantee, or other recipient" of federal funds, if the money is spent on behalf of the Government or to advance a Government program or interest, and if the Government "provides or has provided any portion of the money or property requested or demanded," or "will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded." *Id*.

- "Material" means "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." 31 U.S.C. § 3729(b)(4).

### C. The Public Disclosure Bar Does Not Apply

NDM invokes the FCA's "public disclosure" provision, 31 U.S.C. § 3730(e)(4). Defendant's Motion to Dismiss, pgs. 7–13. However, NDM fails to carry its burden to show this affirmative defense applies here. *See Prather v. AT&T, Inc.*, 847 F.3d 1097, 1102 (9th Cir. 2017) (recognizing that after 2010 amendments to the FCA, the "public disclosure bar" is an affirmative defense). Moreover, despite NDM's insinuations to the contrary (*see* Defendant's Motion to Dismiss at 3, 5, 7, 8), there is no requirement in the FCA that a relator be an insider.[6] The only

---

[6] NDM also wrongly suggests that a relator needs to have been directly involved in the PPP loan application, or to have directly accessed other evidence, to qualify as an original source. This is because the FCA was amended to remove the word "direct" from the original source definition. *See, e.g., U.S. v. Kiewit Pacific Co.*, 41 F. Supp. 3d 796, 807 (N.D. Cal. 2014) ("[T]he removal of the word 'direct' appears to broaden the exception and permit a relator to qualify as an 'original source' of

- 6 -

requirement is that the relator bring forward "genuinely valuable information." *See United States v. Allergan, Inc.*, 46 F.4th 991, 994 (9th Cir. 2022); *see also United States of America ex rel. Relator LLC v. Jeff Tennyson et al.*, 2:23-cv-05887-SRM-SSC, Dkt. No. 75 at 8 (C.D. Cal. Sept. 29, 2025) ("A private person, like Relator LLC, may bring a *qui tam* action on the federal government's behalf as a relator if the government decides not to intervene with the action."); *Uhler*, 2:23-cv-0499-CAS-MBK, Dkt. 57 at 14 (denying motion to dismiss Relator LLC's complaint).[7]

The public disclosure bar applies "if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed . . . in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation. . . ." 31 U.S.C. § 3730(e)(4)(A)(ii). The parties agree that this action involves only the question of whether the underlying facts about a prior disclosed transaction "revealed both the misrepresented state of affairs and the true state of facts from which an observer could deduce that fraud is afoot." *United States ex rel. Sam Jones Co., LLC v. Biotronik, Inc.*, 152 F.4th 949, 947 (9th Cir. 2025); *see* Defendant's Motion to Dismiss at 9. The disclosures that NDM points to did not reveal the required "true state of facts."

As the Ninth Circuit has held:

[i]f X + Y = Z, Z represents the allegation of fraud and X and Y

---

information even if that information was obtained indirectly."); *U.S. ex rel. Booker v. Pfizer, Inc.*, No. 10-cv-11166-DPW, 2014 WL 1271766, at *8 (D. Mass. Mar. 26, 2014) (same); *U.S. ex rel. Beauchamp v. Academi Training Ctr., Inc.*, 933 F. Supp. 2d 825, 842 (E.D. Va. 2013) (same).

[7] NDM also wrongly implies that Plaintiff's allegations are discredited by the fact that the United States declined to intervene in this action. See Defendant's Motion to Dismiss, pg. 1, 4. In fact, "[t]he government's failure to intervene on any or all claims does not mean that the claims lack merit (or that the government thinks that they do)." *United States ex rel. Ormsby v. Sutter Health*, 444 F. Supp. 3d 1010, 1077 (N.D. Cal. 2020). "[F]or resource reasons, the government cannot pursue every meritorious claim." *Id.*; *see also United States ex rel. Kiro v. Jiaherb, Inc.*, No. 14-cv-2484-RSWL-PLAX, 2019 WL 2869186, at *2 (C.D. Cal. July 3, 2019) (granting motion in limine to exclude evidence of government's decision not to intervene as irrelevant and prejudicial).

represent its essential elements. In order to disclose the fraudulent transaction publicly, the combination of X and Y must be revealed, from which readers or listeners may infer Z, *i.e.*, the conclusion that fraud has been committed. . . . X and Y inevitably stand for but two elements: a misrepresented state of facts and a true state of facts.

*United States ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 571 (9th Cir. 2016) (cleaned up). As the Honorable Serena R. Murillo of this District recently ruled in another of Relator LLC's cases:

> [t]he X variable stands for a misrepresented state of facts and the Y variable refers to the true state of facts. *Id.* . . . . If a person viewing these facts collectively can infer that fraud has been committed, then those facts equal Z—the conclusion that a fraudulent transaction was publicly disclosed.

*Tennyson*, 2:23-cv-05887-SRM-SSC, Dkt. No. 75 at 11–12 (C.D. Cal. Sept. 29, 2025) (internal citations omitted).

      NDM fails to make the *Mateski* math add up in favor of this Court ruling that the public disclosure defense applies to this case. None of the information on PandemicOversight.gov or ProPublica.org discloses the following fraudulent aspects of the at-issue transactions: 1) NDM was a money lending institution primarily engaged in the business of lending and was prohibited from participating in the PPP program; 2) NDM did not face the economic uncertainty that was required to qualify for a PPP loan; and 3) NDM applied for and received both the PPP First Draw Loan and, subsequently, forgiveness on that PPP First Draw Loan. With respect to number 2) above, NDM does not even ***attempt*** to argue there was a public disclosure of these aspects of the fraudulent transactions. Therefore, the Court should decline to dismiss this action based on the public disclosure bar with respect to that allegation of fraud.

      The public disclosure defense also does not apply to the first aspect of Relator's fraud claims: that NDM was a money lending institution primarily engaged in the business of lending that was prohibited from participating in the PPP program.

First, ProPublica.org's and PandemicOversight.gov's "vague description of [NDM's] industry is so innocuous that there can be no disclosure of a fraudulent transaction in the first instance." *Tennyson*, 2:23-cv-05887-SRM-SSC, Dkt. No. 75, at 12 (citing *United States ex rel. Relator LLC, v. iLink Employers Company, et al.*, No. 5:22-cv-01004-RGK-DTB, 2024 WL 3892980, at *5 (C.D. Cal. July 11, 2024)) ("Indeed, the Website's disclosures are 'so innocuous' that there can be no disclosure of a fraudulent transaction in the first instance."); *United States ex rel. Relator LLC v. Baxter*, No. 23-cv-00336-WHO, 2025 WL 1343076, at *5 (N.D. Cal. May 8, 2025) (concluding the loan information on PandemicOversight.gov "alone simply does not disclose any . . . transaction of fraud"). The only information provided on PandemicOversight.gov and ProPublica are basic details about the loan (name, date, amount of the loan, jobs reported, NAICS code, and the like). Nothing in either source presents anything that put the government on notice that the transaction at issue (the loan application and the loan forgiveness application) were fraudulent. *See U.S. ex rel. Calva v. Impac Secured Assets Corp.*, No. 16-cv-1983-JVS, 2018 WL 6016152, at *4 (C.D. Cal. June 12, 2018). Moreover, nothing in either source put the Government on notice that they should do further research into NDM's loan or the specific industry represented by the NAICS code.

Even if this Court were to find that information on PandemicOversight.gov and ProPublica.org put the Government on notice that something was awry with NDM's loan application, knowing the industry that NDM operated in still does not satisfy the public disclosure bar. This is because not ***all*** businesses in the consumer lending industry (which NAICS 522291 denotes) were excluded from the PPP program. As is detailed in the Complaint (Dkt. 1, ¶ 41), the PPP rules prohibited "financial businesses ***primarily engaged in the business of lending***, such as banks, finance companies, and factors . . ." (13 CFR § 120.110(b) (emphasis added)) while allowing some financial businesses not primarily engaged in the business lending to

- 9 -
Memorandum of Points And Authorities In Opposition to Motion to Dismiss Complaint

apply for the PPP loans. Nothing in the sources NDM has identified disclose that NDM was **primarily engaged in the business of lending**. *C.f. Uhler*, 2:23-cv-00499-CAS-MBK, Dkt. No. 57 at 9 ("As Relator correctly notes, golf courses and country clubs were not categorically ineligible to receive PPP loan. Therefore, the publicly disclosed facts do not, without more, support a reasonable inference of the alleged fraud.").

### D. The Complaint Adequately Alleges Scienter

Rule 9(b) states that NDM's state of mind may be pled generally, without specificity.[8] Scienter under the FCA includes three states of mind, any of which is sufficient to find liability for "knowing" acts, including: (1) actual knowledge, (2) deliberate ignorance; or (3) reckless disregard. 31 U.S.C. § 3729(b)(1)(A). In other words, "the FCA requires no proof of specific intent to defraud. The Court of Appeals for the Ninth Circuit has further explained that the requisite *scienter* is the knowing presentation of what is known to be false, and that known to be false does not mean scientifically untrue; **it means a lie**." *United States of America, ex rel. Craig v. Hawthorne Machinery Co.*, No. 20-cv-1625-WQH-AHG, 2024 WL 4294878, at *8 (*quoting U.S. ex rel. Hochman v. Nackman*, 145 F.3d 1069, 1073 (9th Cir. 1998) (cleaned up) (emphasis added)). Therefore, "[a]lthough the circumstances of a fraud must be pleaded with particularity, knowledge may be pleaded generally. An FCA complaint therefore must set out sufficient factual matter from which a defendant's knowledge of a fraud might reasonably be inferred." *Hawthorne*, 2024 WL 4294878, at *8 (cleaned up).

---

[8] NDM acknowledges this general pleading standard at first in its Motion. Defendant's Motion to Dismiss, pg. 13. However, NDM later argues that the Complaint's "allegations come nowhere close to satisfying the heightened Rule 9(b) pleading requirements." *Id.* at 15. But NDM has not moved to dismiss the Complaint for failure to plead fraud with particularity under Rule 9(b)—it has only moved to dismiss the Complaint for failure to plead "facts demonstrating NDM's knowledge" (Defendant's Motion to Dismiss, pg. 13) which is not subject to Rule 9(b)'s heightened pleading standing.

The FAC first alleges that NDM knowingly made or used, or caused to be made or used, false or fraudulent records or statements material to false or fraudulent claims for payment to the Government. Dkt. 1, ¶¶ 4; 16; 18. Then, "in combination with additional facts," the FAC "make[s] the existence of this knowledge cogent." *U.S. v. 1850 Bryant Land LLC*, No. 21-cv-5742-RS, 2023 WL 4297585, *5 (N.D. Cal. June 30, 2023). These facts include, for example, (1) that NDM knew and understood applicable requirements to receive PPP loans, (2) NDM falsely represented that its certifications were accurate, (3) NDM falsely stated that it was eligible for the loan, and (4) NDM knew inaccurate information would leave it exposed to civil and criminal penalties. Dkt. 1, ¶¶ 37; 46; 49–55. Notwithstanding these mis(representations), as described above, NDM well-knew it was ineligible for a loan because NDM primarily engages in the business of lending money and did not apply for a PPP loan due to economic uncertainty. Dkt. 1, ¶¶ 1–4; 6; 21; 52. NDM could not and should not take government loan money without a thorough review of its legality. Dkt. 1, ¶¶ 31–47. At the least, the foregoing reflects reckless disregard and "support[s] an inference of scienter based on the circumstances." *1850 Bryant Land LLC*, 2023 WL 4297585, at * 5; *see also Uhler*, 2:23-cv-0499-CAS-MBK, Dkt. No. 57 at 13–14 (finding allegations in complaint satisfied "general pleading standard for scienter" when complaint alleged defendants "knew and understood the applicable requirements to receive PPP loans," knew that country club "was ineligible for a loan because it is a restrictive members-only private club that limited membership for reasons other than capacity," knew that country club "lacked the economic necessity required for PPP loans," and that "defendants nonetheless certified eligibility and economic necessity in order to obtain PPP loans").

To evade these discrepancies and fraudulent filings and distract from its wrongdoing, NDM argues that Plaintiff is a "serial *qui tam* relato[r]." Defendant's

- 11 -
Memorandum of Points And Authorities In Opposition to Motion to Dismiss Complaint

Motion to Dismiss at 1. But the number of whistleblower cases brought by Plaintiff is irrelevant to the valid and plausible claims Plaintiff has brought in this Action and is merely a deflection away from the fact that the Complaint plausibly alleges that NDM falsely certified that it was eligible for a PPP loan and falsely certified that it was facing economic uncertainty in its PPP loan application. In sum, Plaintiff has met the requirements for pleading scienter in the Complaint, and as such, NDM's Motion should be denied.

### E. Any Dismissal Should Be with Leave to Amend

For the reasons above, the Court should deny NDM's Motion in its entirety. However, should the Court find any pleading defect, it should grant Plaintiff leave to amend its Complaint. Rule 15 requires that leave to amend "shall be freely given," and the Ninth Circuit has emphasized that this must be applied "with extreme liberality" towards amendment. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (reversing denial of leave to replead, even after "three bites at the apple"). Further, "prejudice is the touchstone of the inquiry under rule 15(a)," *id*. at 1052, and NDM makes no such showing in its motion.

## V. CONCLUSION

For the reasons discussed above, Plaintiff respectfully requests that the Court deny NDM's Motion to Dismiss the Complaint. To the extent this Court disagrees, Plaintiff respectfully requests an opportunity to amend to cure any deficiency.

DATED: November 19, 2025

                        *s/ Kristen L. Nelson*
                        Kristen L. Nelson (SBN 269318)
                        **HECHT PARTNERS LLP**
                        2121 Avenue of the Stars, Suite 800
                        Century City, CA 90067
                        Tel.: (646) 502-9515
                        knelson@hechtpartners.com

                        Charles F. Dender (*pro hac vice* forthcoming)
                        Madeline Harding (*pro hac vice* forthcoming)
                        Mollie Weiss (*pro hac vice* forthcoming)
                        **DICELLO LEVITT LLP**
                        485 Lexington Avenue, Suite 1001
                        New York, NY 10017
                        Tel.: (646) 933-1000
                        cdender@dicellolevitt.com
                        mharding@dicellolevitt.com
                        mweiss@dicellolevitt.com

                        *Attorneys for Plaintiff Relator LLC*

**L.R. 11-6.2. Certificate of Compliance**

The undersigned, counsel of record for Relator LLC, certifies that this brief contains 3,974 words, which complies with the word limit of L.R. 11-6.1.

DATED: November 19, 2025

*s/ Kristen L. Nelson*
Kristen L. Nelson (SBN 269318)
**HECHT PARTNERS LLP**
2121 Avenue of the Stars, Suite 800
Century City, CA 90067
Tel.: (646) 502-9515
knelson@hechtpartners.com

Charles F. Dender (*pro hac vice* forthcoming)
Madeline Harding (*pro hac vice* forthcoming)
Mollie Weiss (*pro hac vice* forthcoming)
**DICELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel.: (646) 933-1000
cdender@dicellolevitt.com
mharding@dicellolevitt.com
mweiss@dicellolevitt.com

*Attorneys for Plaintiff Relator LLC*