**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA *ex rel.* RELATOR LLC, a California limited liability company,

Plaintiff,

v.

NATIONS DIRECT MORTGAGE, LLC, a California Limited Liability Company; and DOES 1-10,

Defendants.

Case No. 2:22-cv-04784-SPG-MAA

**ORDER GRANTING MOTION TO DISMISS CASE [ECF NO. 47]**

Before the Court is the Motion to Dismiss for Failure to State a Claim (ECF No. 47 ("Motion")) filed by Defendant Nations Direct Mortgage, LLC ("Defendant"). The Court has read and considered the Motion and concluded that it is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS the Motion.

## I. BACKGROUND

The following facts are as alleged in the unsealed Complaint. (ECF No. 1 ("Compl.")).

**A. Factual Background**

On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act ("the CARES Act") was enacted to provide emergency assistance to individuals, families and businesses impacted by the coronavirus pandemic. (*Id.* ¶ 23). The CARES Act authorized the Small Business Association ("SBA") to administer loans to eligible businesses struggling with expenses under the Paycheck Protection Program ("PPP" or the "Program"). (*Id.* ¶¶ 24, 25). When applying under the Program, a business was required to acknowledge PPP rules and make certain representations regarding its eligibility for a PPP loan. (*Id.* ¶ 28). Certain businesses were ineligible for PPP loans, including "financial businesses primarily engaged in the business of lending." (*Id.* ¶ 41) (quoting 13 C.F.R. § 120.110).

Defendant is a residential mortgage money lender that specializes in originating and purchasing residential mortgage loans. (*Id.* ¶¶ 2, 2 n.1). The Complaint alleges that Defendant applied for and received PPP loans totaling $2,616,600.00. (*Id.* ¶ 49). On its PPP loan application, Defendant reported that its North American Industry Classification System ("NAICS") code was 522291, which represents companies engaged in consumer lending. (*Id.* ¶¶ 2, 2 n.1). According to the Complaint, Defendant's NAICS code demonstrates that Defendant is a money lender, was ineligible to receive PPP loans, and therefore knowingly made false representations when applying for its PPP loans. *See* (*id.*).

**B. Procedural History**

Plaintiff Relator LLC ("Plaintiff") initiated this case under seal on July 13, 2022, asserting a violation of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729(a)(1)(A)–(B), and seeking civil penalties and treble damages. (*Id.*). The United States of America investigated the allegations and declined to intervene on April 25, 2025. (ECF No. 35). The Court unsealed the Complaint on April 25, 2025. (ECF No. 36).

Defendant filed this instant Motion to Dismiss on October 6, 2025. (Mot.). Plaintiff filed an Opposition on November 19, 2025, (ECF No. 51 ("Opp.")), and Defendant filed a Reply on November 26, 2025, (ECF No. 52 ("Reply")).

# II. LEGAL STANDARD

## A. Rule 12(b)(6)

A court may dismiss a case pursuant to Federal Rule of Civil Procedure 12(b)(6) if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). To survive a 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. Where dismissal is appropriate, a court should grant leave to amend unless it is apparent that the plaintiff could not possibly cure the defects of the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

## B. Rule 9(b)

"Because they involve allegations of fraud, qui tam actions under the FCA must meet not only the requirement of Rule 8, but also the particularity requirements of Rule 9." *United States v. Corinthian Colleges*, 655 F.3d 984, 992 (9th Cir. 2011). Under Rule 9(b), the plaintiff must plead each element of a fraud claim with particularity and "must set forth more than the neutral facts necessary to identify the transaction." *Cooper v. Pickett*, 137 F.3d 616, 625 (9th Cir. 1997). The allegations must set forth "the who, what, when, where, and how" of the charged misconduct, *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003), such that "a defendant can prepare an adequate answer from the allegations," *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

## III. DISCUSSION

Defendant argues that the Complaint should be dismissed because (A) the public disclosure bar of the FCA precludes Plaintiff's claim; and (B) the Complaint does not adequately allege scienter. (Mot).[1] The Court addresses these arguments in turn.

### A. Public Disclosure Bar

The False Claims Act "creates civil liability for 'any person who (A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; or (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim.'" *United States v. Allergan, Inc.*, 46 F.4th 991, 993 (9th Cir. 2022) (quoting 31 U.S.C. § 3729(a)(1)). A private individual, known as a qui tam relator, "may bring a civil action under the FCA in the name of the U.S. government." *Id.* at 994. Though the government may proceed with the action or decline to take it over, if the government declines, "the relator can still pursue the action." *Id.* To incentivize whistleblowers to come forward, successful relators may receive up to thirty percent of the

[1] Defendant requests the Court take judicial notice of four documents, (ECF No. 48), which Plaintiff has not opposed. Defendant requests the Court judicially notice: (1) Plaintiff's Articles of Incorporation; (2) a copy of Defendant's PPP loan information from PandemicOversight.gov; (3) a copy of Defendant's PPP loan information from ProPublica.org; and (4) a record of cases filed by Plaintiff in the Central District of California. (*Id.* at 2). The Court partially GRANTS Defendant's request for judicial notice of information from PandemicOversight.gov and ProPublica.org, insofar as the documents are submitted to show that the information was publicly available. *See United States ex rel. Hong v. Newport Sensors, Inc.*, No. 13-cv-1164-JLS-JPR, 2016 WL 8929246, at *3 (C.D. Cal. May 19, 2016), *aff'd sub nom. United States ex rel. Juan Hong v. Newport Sensors, Inc*, 713 F. App'x 724 (9th Cir. 2018) (judicially noticing information on websites for the "limited purpose" of "show[ing] that the information was publicly available"); Fed. R. Evid. 201 (courts may judicially notice a fact "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). The Court partially DENIES Defendant's request for judicial notice of Plaintiff's Articles of Incorporation and the record of cases filed by Plaintiff in the Central District of California, as it does not consider these documents in its analysis.

recovery award. *Id.* However, to prevent "parasitic" or "opportunistic" qui tam actions, the FCA establishes limits on who may bring such an action. *Id.*

One such limit is the public disclosure bar, as set forth in 31 U.S.C. § 3730(e)(4)(A). *See id.* This provision provides,

> The court shall dismiss an action or claim under this section, unless opposed by the Government, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed—
>
> (i) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party;
>
> (ii) in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or
>
> (iii) from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

31 U.S.C. §§ 3730(e)(4)(A)(i)–(iii).

Thus, the public disclosure bar is triggered when "(1) the disclosure at issue occurred through one of the channels specified in the statute; (2) the disclosure was public; and (3) the relator's action is based upon the allegations or publicly disclosed." *United States ex rel. Solis v. Millennium Pharms., Inc.*, 885 F.3d 623, 626 (9th Cir. 2018) (internal quotation marks and citations omitted). This is an affirmative defense, and in effect, when the public disclosure bar is triggered, the FCA claim is precluded and should be dismissed. *Prather v. AT&T, Inc.*, 847 F.3d 1097, 1102 (9th Cir. 2017).

1. <u>Qualifying Public Disclosure</u>

Defendant argues that the Complaint is founded on information publicly available on the websites PandemicOversight.gov and ProPublica.org, which qualify as a federal report and news source, respectively, under 31 U.S.C. §§ 3730(e)(4)(A)(ii)–(iii). (Mot. at 15–16). Plaintiff does not address whether the two websites qualify as public

disclosures; Plaintiff instead counters that the websites do not disclose the alleged fraudulent behavior at issue in the case. (Opp. at 13).

The Court finds that the websites qualify as public disclosures. First, a "federal report" is broadly defined under the FCA, and is "something that gives information or a notification, or an official or formal statement of facts or proceedings." *Schindler Elevator Corp. v. U.S. ex rel. Kirk*, 563 U.S. 401, 407–11 (2011) (internal quotation marks and citations omitted). Under this definition, courts have recognized that PandemicOversight.gov is a federal report because it is maintained by the Pandemic Response Accountability Committee of the Council of the Inspectors General on Integrity and Efficiency, and provides information about PPP loans, borrowers, and lenders. *See, e.g.*, *United States ex rel. Relator LLC v. Erskine*, No. 22-cv-1158-LL-AHG, 2025 WL 796621, at *4 (S.D. Cal. Feb. 25, 2025); *United States ex rel. Relator, LLC v. Kootstra*, No. 1:22-cv-00924-TLN-CDB, 2024 WL 3666470, at *4 (E.D. Cal. Aug. 6, 2024). Based on the broad definition of "federal report," and absent an argument to the contrary by Plaintiff, the Court finds that PandemicOversight.gov qualifies as a federal report under 31 U.S.C. § 3730(e)(4)(A)(ii).

Second, and similarly, "news media" is construed broadly for the purposes of the public disclosure bar, and considers factors such as a "connotation of editorial independence," whether it is intended to "disseminate information widely," whether it would be considered news media in ordinary parlance, whether it describes a method of communication used to convey information commonly found in a newspaper, news broadcast or other news source. *United States ex rel. Integra Med Analytics LLC v. Providence Health & Servs.*, No. 17-cv-1694-PSG-SS, 2019 WL 3282619, at *14–*15 (C.D. Cal. July 16, 2019), *rev'd and remanded sub nom. on other grounds Integra Med Analytics LLC v. Providence Health & Servs.*, 854 F. App'x 840 (9th Cir. 2021). "ProPublica is a well-established news source that has curated a publicly available database tracking all approved PPP loans and providing information about the businesses receiving such loans." *United States ex rel. Relator LLC v. Sunshine*, No. 8:23-cv-00134-JVS-ADS,

2025 WL 2428470, at *4–*5 (C.D. Cal. June 30, 2025). Because ProPublica.org falls within the ordinary meaning of "news source," which Plaintiff has not disputed, the Court finds that it is a news source under 31 U.S.C. § 3730(e)(4)(A)(iii).

2. Substantial Similarity

Next, to determine if material elements of the fraudulent transaction in dispute were publicly disclosed, courts in the Ninth Circuit apply the formula established in *U.S. ex rel. Mateski v. Raytheon Co.*, "X + Y = Z." 816 F.3d 565, 571 (9th Cir. 2016). X and Y represent the combination of "a misrepresented state of facts" and "a true state of facts," and Z stands for "the allegation of fraud." *Id.* "In order to disclose the fraudulent transaction publicly, the combination of X and Y must be revealed, from which readers or listeners may infer Z, i.e., the conclusion that fraud has been committed." *Id.* Substantial similarity can also be found if the government "was on notice to investigate the fraud before the relator filed his complaint." *Id.* at 574.

Defendant argues that the allegations asserted in the Complaint are substantially similar to information publicly available on PandemicOversight.gov and ProPublica.org, demonstrating that the public disclosure bar applies and the case should be dismissed. (Mot. at 16–17). According to Defendant, the two facts contained in the Complaint are that (1) "Defendant applied for and accepted a PPP loan"; and (2) Defendant "is a financial lender," both of which are publicly disclosed on the websites. (*Id.* at 17). Plaintiff contends that the Complaint contains fraud allegations not disclosed on the websites, which are (1) Defendant is a "money lending institution primarily engaged in the business of lending and [] prohibited from participating in the PPP program"; (2) Defendant "did not face the economic uncertainty that was required to qualify for a PPP loan"; and (3) Defendant "applied for and received both the PPP First Draw Loan and, subsequently, forgiveness on that PPP First Draw Loan." (Opp. at 13).

The Court finds that the material elements of Plaintiff's alleged fraud claim—that Defendant applied for a PPP loan despite being a mortgage lender—were publicly disclosed. Plaintiff's allegation that Defendant is a money lending institution stems from

Defendant's reported NAICS code on its PPP loan application, which was publicly disclosed on PandemicOversight.gov. *See* (Compl. ¶ 3); (ECF No. 49, Ex. B, at 7). Plaintiff's allegation that Defendant applied for a PPP loan and received forgiveness on the loan was publicly disclosed on ProPublica.org. *See* (Compl. ¶ 8); (ECF No. 49, Ex. C, at 9). In addition, the allegation that Defendant lacked economic necessity required to qualify for the loan is related to Defendant's classification as a money lending institution. *See* (Compl. ¶ 6 n.3 ("[I]t appears that business was booming for Defendant, just like others in the residential real estate industry during this time period.")). Nor does Plaintiff assert that it was the "original source" of the information as to overcome the public disclosure bar. *See* 31 U.S.C. § 3730(e)(4)(B) (information provided by an individual "who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under [the FCA]" is not publicly disclosed); *Erskine*, 2025 WL 796621, at *6 (a relator "bears the burden of establishing that he qualifies as an original source"). Further, because Defendant reported its NAICS code on its loan application, the Court finds that the government was on notice of Defendant's classification as a mortgage lender and was thus "on notice to investigate the fraud before the relator filed his complaint." *Mateski*, 816 F.3d at 574; *see also Erskine*, 2025 WL 796621, at *6 (holding that the public disclosure bar applied to a relator's claim for PPP loan fraud when the relator relied on a defendant's NAICS code on the PPP loan application).

In sum, the Court finds that Plaintiff's claim under the FCA is foreclosed by the public disclosure bar. The Court therefore does not reach the merits of whether the Complaint adequately alleges scienter. *E.g. Sunshine*, 2025 WL 2428470, at *6 (declining to address the sufficiency of the complaint's factual allegations upon finding that the relator's claims were precluded by the public disclosure bar).

**B. Leave to Amend**

Plaintiff requests leave to amend should the Court grant the Motion. (Opp. at 17). Federal Rule of Civil Procedure 15(a)(2), which permits courts to "freely give leave [to

amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (holding that leave to amend should be given with "extreme liberality"). Leave should not be given in circumstances where "any amendment would be an exercise in futility." *Steckman v. Hart Brewing*, 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted). The Court notes that Plaintiff's Opposition refers to facts not alleged in the Complaint. For example, the Opposition asserts that Defendant's "sole owner, CEO, and Director knowingly submitted—or caused to be submitted—the PPP First Loan forgiveness application." (Opp. at 8). Thus, as it is not apparent to the Court that Plaintiff could not allege additional facts relating to its FCA claim, the Court GRANTS leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion. Plaintiff may file an amended complaint no later than twenty-one (21) days from the entry of this Order.

**IT IS SO ORDERED.**

DATED: January 5, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE